**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **DAVID D. TYSON, # S-03469,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 15-cv-1395-NJR |
| ) | |
| **MATT GORDON,** ) | |
| **JEFFERSON COUNTY, IL,** ) | |
| **JEFFERSON COUNTY JAIL,** ) | |
| **and MT. VERNON POLICE DEPT.,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff, currently incarcerated at Shawnee Correctional Center ("Shawnee"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His claims are based on the events surrounding his arrest by Defendant Gordon and subsequent confinement in the Jefferson County Jail in April and May 2014. Plaintiff is currently serving a three-year sentence for failure to report as a sex offender. The complaint is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v.*

*Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Under these standards, the complaint fails to state a claim upon which relief may be granted. Rather than dismiss the entire case at this time, however, Plaintiff will be granted the opportunity to re-plead one of his claims in an amended complaint, as directed below.

**The Complaint**

Plaintiff states that he was stopped on April 11, 2014, by Defendant Gordon (a Mt. Vernon Police Detective) (Doc. 1, p. 5). Defendant Gordon questioned Plaintiff as to why he had not come in to register. Plaintiff replied that he was just visiting in town. Defendant Gordon informed Plaintiff that a public transportation company had reported Plaintiff's failure to register.

Defendant Gordon arrested Plaintiff, and failed to read him his *Miranda* rights. Further, Plaintiff was not allowed to have an attorney present during questioning. He states he was extremely fearful of Defendant Gordon due to his aggressiveness and "followed his order" (Doc. 1, p. 5).

Plaintiff was represented by a public defender in court. He does not disclose whether he was convicted of the failure-to-report offense pursuant to a trial or a guilty plea.

Plaintiff asserts that Defendant Gordon violated the law, abused and misused his authority, subjected Plaintiff to harassment, deliberate indifference, and violated his First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights in carrying out the stop, arrest, and questioning that led to Plaintiff's conviction and imprisonment. According to Plaintiff, Defendant Mt. Vernon Police Department should be liable because it hired Defendant Gordon, a "non-professional" (Doc. 1, p. 6).

Additionally, during Plaintiff's detention in the Jefferson County Jail, he made a written request to be taken to his medical appointment on May 6, 2014, at the Marion Eye Center. The Jail's nurse and/or other medical staff failed to take him to see the eye doctor (Doc. 1, pp. 6-7). Consequently, when Plaintiff arrived at the Illinois Department of Corrections (IDOC), he started to experience blindness, tearing, sharp pain in his right eye, and serious headaches (Doc. 1, p. 8). He asserts that he would not have suffered these problems and pain if the nurse had taken him to the eye appointment.

Finally, Plaintiff blames Defendant Gordon for placing his life in danger now that he is in prison in the custody of the IDOC, because other inmates are "threatening to do harm to [him] because of [his] case" (Doc. 1, p. 6). Defendant Gordon charged him with a crime Plaintiff "ha[d] no control over." *Id*. Plaintiff asserts he should be in a mental hospital, not prison.

Plaintiff seeks compensatory damages for these alleged violations.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Based on the allegations of the complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **Count 1:** Claims against Defendants Gordon and the Mt. Vernon Police Department, for constitutional violations arising from Plaintiff's stop, arrest, and interrogation on or about April 11, 2014;
>
> **Count 2:** Claim for deliberate indifference to serious medical needs against Defendant Jefferson County and Defendant Jefferson County Jail, for the failure of the Jail nurse and medical staff to transport Plaintiff to his May 6, 2014, eye appointment;
>
> **Count 3:** Claim against Defendant Gordon for placing Plaintiff's life in danger during his IDOC custody due to threats from other prison inmates.

As explained below, each of these claims (and the entire complaint) shall be dismissed for failure to state a claim upon which relief may be granted. Plaintiff may further pursue **Count 2** in this action, but only if he submits an amended complaint that survives review under § 1915A. If the amended complaint still fails to state a claim, or if Plaintiff does not submit an amended complaint, the entire case shall be dismissed with prejudice, and the dismissal shall count as a strike pursuant to § 1915(g).

**Dismissal of Count 1–Criminal Charge & Conviction**

Plaintiff's claims against Defendant Gordon suggest possible constitutional violations for the failure to advise Plaintiff of his rights, including his right to an attorney. These matters relate directly to the integrity of Plaintiff's conviction and sentence. Plaintiff's claim for damages rests on the premise that if Defendant Gordon had not detained him and proceeded to question him

without informing him of his rights or allowing him to consult with counsel, Plaintiff would not have been convicted and sentenced to prison. Constitutional attacks based on an arrest or interrogation are typically raised either before or during the course of the criminal trial in an attempt to obtain dismissal of the charges, suppression of improperly-obtained evidence, or in an appeal seeking a reversal of the conviction. The complaint is silent as to whether any of these constitutional concerns were brought up during Plaintiff's criminal proceedings. As Plaintiff remains in prison, it is clear that any such challenges have been unsuccessful to date.

Plaintiff's claim for damages on the basis of alleged constitutional violations during the stop, arrest, and/or interrogation which led to his conviction cannot be addressed in the context of a § 1983 action so long as Plaintiff's conviction still stands. A plaintiff may only recover damages for an allegedly unconstitutional conviction after first proving that the conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Plaintiff has made no such showing.

*Heck* directs that if a § 1983 judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence," the claim must be dismissed. This is exactly the situation presented by Plaintiff's complaint. If the Court were to find, as Plaintiff argues, that Defendant Gordon acted illegally in arresting or interrogating Plaintiff, such a ruling would imply that Plaintiff was wrongfully convicted. Under *Heck*, Plaintiff cannot bring a claim for damages based on Defendant Gordon's actions. Count 1 must therefore be dismissed. Because Plaintiff cannot maintain the claim in Count 1 against Defendant Gordon, the claim against his employer, Defendant Mt. Vernon Police Department, must also be dismissed.

The dismissal of Count 1 shall be without prejudice, however. *See Polzin v. Gage*, 636 F.3d 834, 839 (7th Cir. 2011). If Plaintiff later succeeds in overturning or invalidating his conviction, he may re-file this claim in a new action.

**Dismissal of Count 2–Deliberate Indifference to Medical Needs**

Plaintiff's claim that the Jail's nurse and/or other medical staff refused to take him to see his eye doctor may have more traction. In order to state an Eighth Amendment claim for deliberate indifference to a serious medical need, a prison inmate must show that he (1) suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). *See also Farmer v. Brennan*, 511 U.S. 825, 842 (1994); *Perez v. Fenoglio*, 792 F.3d 768, 777-78 (7th Cir. 2015).

At the time Plaintiff missed his eye appointment, he may still have been a detainee who had not yet been convicted. If so, his claim would arise under the Fourteenth Amendment, not the Eighth. *See Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013) (citing *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012)). *See also Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008). Nonetheless, the Seventh Circuit has applied the "same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) 'without differentiation.'" *Board v. Farnham*, 394 F.3d 469, 477-78 (7th Cir. 2005) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 845 n.2 (7th Cir. 1999)).

From Plaintiff's brief description of his later symptoms of blindness, tearing, pain, and headaches, it appears that his eye condition was objectively serious. But it cannot be determined from the facts included in Plaintiff's complaint whether the nurse or any other medical staff at the Jail was aware of the risk to Plaintiff's health if he was unable to attend his scheduled eye appointment. If they did not know of the potential harm to Plaintiff, they cannot be held liable for deliberate indifference to his condition. As pled, the complaint does not state a claim upon which relief may be granted against any Jail staff. In order to proceed on Count 2, Plaintiff must submit an amended complaint to identify, as best he can, the nurse and any other staff who failed to allow Plaintiff to attend his eye appointment. The amended complaint must also include facts to support Plaintiff's claim that these persons were knowingly, deliberately indifferent to the risk of harm to Plaintiff due to missing the eye appointment.

In order for Plaintiff to sustain a deliberate indifference claim against the municipal Defendants (Jefferson County and/or the Jefferson County Jail), his factual statement must indicate that the constitutional deprivations were the result of an official policy, custom, or practice of the municipality. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978); *see also Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 765 (7th Cir. 2006). The current complaint includes no such allegations.

For these reasons, **Count 2** shall be dismissed without prejudice. Plaintiff may submit an amended complaint in order to re-plead this claim if he believes the facts will support it.

**Dismissal of Count 3–Danger to Plaintiff in State Custody**

Defendant Gordon's role in the events leading to Plaintiff's incarceration in state prison was limited to the arrest and interrogation described in Count 1. As has already been discussed, Plaintiff cannot maintain a constitutional claim against any Defendants that would call into

question the validity of his conviction and sentence. Because Defendant Gordon, a municipal police officer, has no control or responsibility over the conditions of Plaintiff's confinement in state prison, Plaintiff cannot sue him over the danger he claims to face while serving his sentence.

Plaintiff may, however, have a claim against state prison officials who are responsible for his safety while he is in their custody, if they have refused or failed to protect him after he told them about the threats he received. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). The Court will not speculate, based on Plaintiff's brief statement that other inmates "are threatening to do harm" to him, on whether he may have a claim that would survive review under § 1915A against any such official. But if Plaintiff wishes to pursue an Eighth Amendment claim arising from those threats, he must do so in a separate lawsuit, against the responsible state prison officials.

**Count 3** shall be dismissed with prejudice against Defendants Gordon and his employer, the Mt. Vernon Police Department. This dismissal, however, shall not prevent Plaintiff from bringing a claim against state prison official(s) who may have failed to protect him from harm in IDOC custody.

**Pending Motion**

Plaintiff's motion for leave to proceed *in forma pauperis* (IFP) (Doc. 3) shall be addressed in a separate order.

**Disposition**

Defendants **GORDON** and **MT. VERNON POLICE DEPARTMENT** are **DISMISSED** from this action without prejudice.

The Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim

upon which relief may be granted. Specifically, **COUNTS 1 and 2** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. **COUNT 3** is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted against Defendants Gordon and the Mt. Vernon Police Department.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint within 35 days of the entry of this order (on or before **March 8, 2016**). It is strongly recommended that Plaintiff use the form designed for use in this District for civil rights actions. He should label the pleading "First Amended Complaint" and include Case Number 15-cv-1395-NJR. The amended complaint shall contain ONLY the claim designated as **COUNT 2** by the Court above. For that count, Plaintiff shall specify, *by name*,[1] each Defendant alleged to be liable for violating his rights, as well as the actions alleged to have been taken by that Defendant. New individual Defendants may be added if they were personally involved in the constitutional violations. Plaintiff should attempt to include the facts of his case in chronological order, inserting Defendants' names where necessary to identify the actors and the dates of any material acts or omissions.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must contain all the relevant allegations in support of Plaintiff's claim in Count 2 and must stand on its own, without reference to any other pleading. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First

---

[1] Plaintiff may designate an unknown Defendant as John or Jane Doe, but he should include descriptive information (such as job title, shift worked, or location) to assist in the person's eventual identification.

Amended Complaint. Failure to file an amended complaint shall result in the dismissal of this action with prejudice. Such a dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even if his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: February 2, 2016**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**