IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DAVID D. TYSON, # S-03469,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 15-cv-1395-NJR |
| ) | |
| **MATT GORDON,** ) | |
| **JEFFERSON COUNTY, IL,** ) | |
| **JEFFERSON COUNTY JAIL,** ) | |
| **and MT. VERNON POLICE DEPT.,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court for case management. Plaintiff filed this action on December 22, 2015 (Doc. 1). On February 2, 2016, this Court entered an order dismissing the complaint pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted (Doc. 4). Specifically, Count 1 was dismissed without prejudice as it was barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994). Count 2 for deliberate indifference to medical needs was dismissed without prejudice, with leave to re-plead the claim. Count 3 was dismissed with prejudice.

Plaintiff was given until March 8, 2016, to file an amended complaint if he wished to further pursue Count 2 only. The Clerk provided him with a blank complaint form for his use in preparing his amended pleading. Plaintiff was warned that if he failed to submit an amended complaint, this case would be dismissed with prejudice, and the dismissal would count as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff's March 8, 2016, deadline has come and gone, and Plaintiff has failed to respond

in any way. This action is therefore subject to dismissal for failure to prosecute.

**IT IS HEREBY ORDERED** that this action is **DISMISSED** for failure to prosecute. FED. R. CIV. P. 41(b). The dismissal of the *Heck*-barred Count 1 remains a dismissal without prejudice, for the reasons specified in the threshold order at Doc. 4. *See Polzin v. Gage*, 636 F.3d 834, 839 (7th Cir. 2011) (*Heck*-barred claim should be dismissed without prejudice so that it may be re-filed in the event the conviction is later invalidated). However, Counts 2 and 3 are both dismissed with prejudice. *See James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005); *Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993) (dismissal for failure to prosecute is presumptively with prejudice).

The Clerk is **DIRECTED** to **CLOSE THIS CASE** and enter judgment accordingly.

This dismissal shall count as one of Plaintiff's three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."

A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED: April 29, 2016**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**